**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

Plaintiff,

vs.

UOOTD.COM, AN
INDIVIDUAL, BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

Defendant.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), hereby sues Defendant uootd.com, the Individual, Business Entity, or Unincorporated Association identified in the caption above (the "Defendant"). Defendant is promoting, selling, offering for sale, and distributing goods bearing and/or using counterfeits and confusingly similar imitations of Chanel's trademarks within this district through the Internet based e-commerce store operating under the seller name, uootd.com (the "E-commerce Store Name"). In support of its claims, Chanel alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendant is subject to personal jurisdiction in this district, because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district through, at least, the Internet based e-commerce store that is accessible, accessed, viewed, and doing business in Florida by operating the E-commerce Store Name. Alternatively, based on its overall contact with the United States, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant is, upon information and belief, a non-resident in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4. Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the United States, including within this district. Chanel sells to consumers a variety of high-quality goods under multiple world-famous common law and federally registered trademarks, including those identified below. Chanel offers for sale and sells its trademarked goods within the State of Florida, including this district, and throughout the United States. Defendant, through the sale and offer to sell counterfeit and infringing Chanel branded products, is directly and unfairly competing with Chanel's economic interests in the United States,

including within the State of Florida, and causing Chanel irreparable harm and damage within this jurisdiction.

5. Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendant herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across its e-commerce store website. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with the Chanel name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6. To combat the harm caused by the actions of Defendant and others engaging in similar conduct, each year Chanel expends significant resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as training guides and seminars. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires Chanel to expend significant resources across a wide spectrum of efforts to protect both consumers and itself from the confusion and the erosion of the goodwill connected to Chanel's brand.

## THE DEFENDANT

7. Defendant is an individual, business entity of unknown makeup, or an unincorporated association whom, upon information and belief, either resides and/or operates in a foreign jurisdiction, redistributes products from the same or similar sources in that location, and/or ships its goods from the same or similar sources in that location to consumers. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant has created a

United States-facing storefront and targets its business activities towards consumers throughout the United States and Florida, including within this district, through the operation of, at least, its commercial e-commerce store under the E-commerce Store Name. Defendant has engaged in a transaction for the sale of goods using counterfeits and confusingly similar imitations of Chanel's certification trademarks by agreeing to ship such goods to consumers throughout the United States, including within this district, and providing its specific financial account information to complete the transaction. Defendant has established a commercial presence in the United States market such that Defendant's claim-related conduct bears a meaningful relationship with the United States.

8. Defendant is the past and present controlling force behind the sale of products bearing and/or using counterfeits and infringements of Chanel's trademarks as described herein.

9. Defendant directly engages in unfair competition with Chanel by advertising, offering for sale, and/or selling goods bearing and/or using counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through the e-commerce store using, at least, the E-commerce Store Name, as well as additional e-commerce stores or seller identification aliases not yet known to Chanel. Defendant has purposefully directed some portion of its unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Chanel-branded goods into the State.

10. Defendant has registered, established, or purchased and maintained its E-commerce Store Name. Defendant may have engaged in fraudulent conduct with respect to the registration or maintenance of the E-commerce Store Name by providing false and/or misleading information during the registration or maintenance process related to its E-commerce Store Name. Defendant has

anonymously registered and/or maintained its E-commerce Store Name for the sole purpose of engaging in unlawful infringing and counterfeiting activities.

11. Defendant will likely continue to register or acquire new e-commerce store names or other aliases, as well as related payment accounts, for the purpose of selling and/or offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Chanel's trademarks unless permanently enjoined.

12. Defendant's E-commerce Store Name, associated payment accounts, and any other alias e-commerce store or seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Chanel's trademarks, are essential components of Defendant's online activities and are one of the means by which Defendant furthers its counterfeiting and infringement scheme and causes harm to Chanel. Moreover, Defendant is using Chanel's famous name and associated trademarks to drive Internet consumer traffic to its e-commerce store operating under the E-commerce Store Name, thereby increasing the value of the E-commerce Store Name and decreasing the size and value of Chanel's legitimate marketplace and intellectual property rights at Chanel's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

13. Chanel is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 - Hats, Shawls and Belts |

| | | | |
|---|---|---|---|
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; Namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; Namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| | 4,241,822 | November 13, 2012 | IC 025 - For Clothing, namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Hats, Scarves, Ties, Gloves, Footwear, Hosiery |

The Chanel Marks are used in connection with the offer to sell and sale of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit “1.”

14. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel’s high-quality goods for an extended period.

15. The Chanel Marks have been used in commerce by Chanel long prior in time to Defendant’s use of copies of those Marks. The Chanel Marks have never been assigned or licensed to the Defendant in this matter.

16. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned. Chanel has carefully monitored and policed the use of the Chanel Marks.

17. The Chanel Marks are well-known and famous and have been for many years. Chanel expends substantial resources developing, advertising, and otherwise promoting the products bearing the Chanel Marks.

18. Further, Chanel extensively uses, advertises, and promotes the Chanel Marks in the United States in association with the sale of high-quality goods. Chanel expends substantial resources promoting the Chanel Marks and products bearing the Chanel Marks.

19. As a result of Chanel's efforts, consumers readily identify merchandise bearing or sold using the Chanel Marks, as being high-quality goods sponsored and approved by Chanel.

20. Accordingly, the Chanel Marks have achieved secondary meaning among consumers as identifiers of high-quality goods.

21. Genuine goods bearing the Chanel Marks are widely legitimately advertised and promoted by Chanel, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow Chanel and its authorized retailers to educate consumers fairly and legitimately about the value associated with the Chanel brand and the goods sold thereunder, and the problems associated with the counterfeiting of Chanel's trademarks.

**Defendant's Infringing Activities**

22. Defendant is promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Chanel Marks (the "Counterfeit Goods") through at least the e-commerce store operating under the E-commerce Store Name. Specifically, Defendant is using the Chanel Marks to initially attract online consumers and drive them to Defendant's e-commerce store operating under the E-commerce Store Name. Defendant is using identical copies of one or more of the Chanel Marks for different quality goods. Chanel has used the Chanel Marks extensively and continuously before Defendant began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

23. Defendant's Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Defendant is actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Chanel despite Defendant's knowledge that it is without authority to use the Chanel Marks. Defendant's actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendant's goods offered for sale in or through Defendant's e-commerce store are genuine goods originating from, associated with, and/or approved by Chanel.

24. Defendant advertises its e-commerce store, including its Counterfeit Goods offered for sale, to the consuming public via its e-commerce store using, at least, the E-commerce Store Name. In so doing, Defendant improperly and unlawfully uses one or more of the Chanel Marks without Chanel's permission.

25. Defendant is, upon information and belief, employing and benefiting from similar advertising and marketing strategies based largely upon an unauthorized use of counterfeits and infringements of the Chanel Marks. Specifically, Defendant is using counterfeits and infringements of Chanel's famous name and the Chanel Marks to make its e-commerce store selling unauthorized goods appear more relevant and attractive to consumers searching for both Chanel and non-Chanel goods and information online. By its actions, Defendant is contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendant is causing harm to Chanel and the consuming public by (i) depriving Chanel and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks by viewing different quality products in either the pre or post sale setting, and/or (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet.

26. Defendant is conducting and targeting its counterfeiting and infringing activities towards consumers and likely causing harm within this district and elsewhere throughout the United States. As a result, Defendant is defrauding Chanel and the consuming public for Defendant's own benefit.

27. At all times relevant hereto, Defendant has had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

28. Defendant's use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of its Counterfeit Goods, is without Chanel's consent or authorization.

29. Defendant is engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendant's intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

30. Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive consumers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendant's Counterfeit Goods, which there is not.

31. Defendant's payment and financial accounts are being used by Defendant to accept, receive, and deposit profits from Defendant's trademark counterfeiting and infringing and unfairly competitive activities connected to its E-commerce Store Name and any other alias e-commerce store names it uses and/or controls.

32. Further, Defendant is, upon information and belief, likely to transfer or secrete its assets to avoid payment of any monetary judgment awarded to Chanel.

33. Chanel has no adequate remedy at law.

34. Chanel is suffering irreparable injury and has suffered substantial damages because of Defendant's unauthorized and wrongful use of the Chanel Marks. If Defendant's intentional counterfeiting and infringing and unfairly competitive activities are not permanently enjoined by

this Court, Chanel and the consuming public will continue to be harmed while Defendant wrongfully earns a substantial profit.

35. The harm and damages sustained by Chanel has been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

36. Chanel hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 35 above.

37. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of the Counterfeit Goods.

38. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Chanel Marks. Defendant is continuously infringing and inducing others to infringe the Chanel Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing Chanel branded goods.

39. Defendant's counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the consuming public as to the origin and quality of Defendant's Counterfeit Goods.

40. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Chanel and are unjustly enriching Defendant with profits at Chanel's expense.

41. Defendant's above-described unlawful actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Chanel has suffered and will continue to suffer irreparable injury and damages while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

43. Chanel hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 35 above.

44. Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the Chanel Marks have been widely advertised and offered for sale throughout the United States via the Internet.

45. Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of at least one or more of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendant's Counterfeit Goods are different in quality. Accordingly, Defendant's activities are likely to cause confusion among consumers as to at least the origin or sponsorship of its Counterfeit Goods.

46. Defendant has used in connection with its advertisement, offer for sale, and sale of its Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

47. Defendant has authorized infringing uses of one or more of the Chanel Marks in Defendant's advertisement and promotion of its counterfeit and infringing branded goods. Defendant has also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by it are genuine, non-infringing goods.

48. Additionally, Defendant is using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for space within organic and paid search engine and social media results. Defendant is thereby (i) depriving Chanel of valuable marketing and educational space online which would otherwise be available to Chanel and (ii) reducing the visibility of Chanel's genuine goods on the World Wide Web and across social media platforms.

49. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Chanel has no adequate remedy at law and has sustained injury and damages caused by Defendant's conduct. Absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages, while Defendant is unjustly profiting.

## **COUNT III - COMMON LAW UNFAIR COMPETITION**

51. Chanel hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 35 above.

52. This is an action against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing and/or using marks that are virtually identical to one or more of the Chanel Marks in violation of Florida's common law of unfair competition.

53. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of the Chanel Marks. Defendant is also using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

54. Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendant's e-commerce store as a whole and all products sold therein by its use of the Chanel Marks.

55. Chanel has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages because of Defendant's actions while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

56. Chanel hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 35 above.

57. Chanel is the owner of all common law rights in and to the Chanel Marks.

58. This is an action for common law trademark infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of its Counterfeit Goods bearing and/or using one or more of the Chanel Marks.

59. Specifically, Defendant is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Chanel Marks.

60. Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendant's Counterfeit Goods bearing and/or using the Chanel Marks.

61. Chanel has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages because of Defendant's actions while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

**PRAYER FOR RELIEF**

62. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark or design that may be calculated to falsely advertise the services or goods of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing itself as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant, are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity,

promotion, sale, or advertising of any goods sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

b. Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendant and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

c. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Chanel's request, those acting in concert or participation as service providers to Defendant, who have notice of an injunction issued by the Court, disable and/or cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Name, through which Defendant engages in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

d. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Chanel's request, any Internet marketplace website operators and/or administrators, registrar, and/or top level domain (TLD) Registry for the E-commerce Store Name and any other alias e-commerce store names being used by Defendant who

are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendant's E-commerce Store Name.

e. Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Chanel's request, Defendant and the top level domain (TLD) Registry for the E-commerce Store Name, or its administrators, including backend registry operators or administrators, place the E-commerce Store Name, and any other e-commerce store names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks, on Registry Hold status for the remainder of the registration period for any such e-commerce store, thus removing them from the TLD zone files which link the E-commerce Store Name, and any other e-commerce store names used by Defendant, to the IP addresses where the associated e-commerce store names are hosted.

f. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Chanel's election, transferring the E-commerce Store Name and any other e-commerce store names used by Defendant to engage in its counterfeiting of the Chanel Marks at issue to Chanel's control so it may no longer be used for unlawful purposes.

g. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Chanel to serve an injunction issued by the Court on the e-commerce store's registrar(s) and/or privacy protection service(s) for the E-commerce Store Name to disclose to Chanel the true identity and contact information for the registrant of the E-commerce Store Name.

h. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Chanel to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

i. Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to its E-commerce Store Name and any other e-commerce store names used by Defendant, to Chanel and, if within five (5) days of entry of such order Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

j. Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendant, its agent(s) or assign(s), to instruct in writing, all search engines to permanently delist or deindex the E-commerce Store Name and any other e-commerce store names used by Defendant, and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k. Entry of an order requiring, upon Chanel's request, Defendant to request in writing permanent termination of any messaging services, e-commerce store names, usernames, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, and/or social media website.

l. Entry of an order directing Defendant to file with this Court and serve on Chanel within thirty (30) days after entry of an injunction issued by the Court, a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

m. Entry of an order requiring Defendant to account to and pay Chanel for all profits and damages resulting from Defendant's trademark counterfeiting and infringing and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or that Chanel be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

n. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

o. Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Chanel's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and its related companies and affiliates, identify, restrain, and be required to surrender to Chanel all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Name or any other alias e-commerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

p. Entry of an award of pre-judgment interest on the judgment amount.

q. Entry of an order requiring Defendant, at Chanel's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendant's products, including without limitation, the placement of corrective advertising and providing written notice to the public.

r. Entry of an order for any further relief as the Court may deem just and proper.

DATED: November 23, 2026.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud

Attorneys for Plaintiff, Chanel, Inc.